| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Nickol Conklin, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2018-CP - 40-01092 |
| vs. | ) | |
| | ) | |
| Zoll Medical Corporation, | ) | |
| Defendant(s) | ) | |

Submitted By: J. Paul Porter
Address: CROMER BABB PORTER & HICKS, LLC
P.O. Box 11675
Columbia, SC 29211

SC Bar #: 100723
Telephone #: (803) 799-9530
Fax #: (803) 799-9533
E-mail: paul@cbphlaw.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

**DOCKETING INFORMATION** (*Check all that apply*)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☒ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Other (199) _____ | | ☐ Other (399) _____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements (cont.) | Appeals (cont.) |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | ☐ Other (799) _____ | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

Submitting Party Signature: _____    Date: February 23, 2018

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)    Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND | IN THE COURT OF COMMON PLEAS<br>FOR THE FIFTH JUDICIAL CIRCUIT<br>CASE NO. 2017-CP-40- |
| Nickol Conklin,<br><br>                Plaintiff,<br><br>v.<br><br>Zoll Medical Corporation,<br><br>                Defendant. | **SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty-five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

 

**CROMER BABB PORTER & HICKS, LLC**

BY: _____
     J. Paul Porter (# 100723)
     1418 Laurel Street, Ste. A
     Post Office Box 11675
     Columbia, South Carolina 29211
     Phone  803-799-9530
     Fax      803-799-9533

February 23, 2018
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND | IN THE COURT OF COMMON PLEAS<br>FOR THE FIFTH JUDICIAL CIRCUIT<br>CASE NO. 2017-CP-40- |
| Nickol Conklin,<br><br>                Plaintiff,<br><br>v.<br><br>Zoll Medical Corporation,<br><br>                Defendant. | COMPLAINT<br>(Jury Trial Demand) |

## EMPLOYMENT CASE

Plaintiff, Nickol Conklin, complaining of the Defendant alleges the foregoing:

### PARTIES & JURISDICTION

1. Plaintiff Nickol Conklin is a citizen and resident of Richland County, South Carolina and is employed by the Defendant performing sales throughout South Carolina.

2. Defendant Zoll Medical Corporation is a foreign for-profit entity engaged in the business of selling medical devices throughout the nation including in Richland County, South Carolina.

3. This action alleges sex discrimination under Title VII of the Civil Rights Act of 1964 as amended and defamation arising under the South Carolina Common Law.

4. Plaintiff filed charges of sex discrimination before the Equal Employment Opportunity Commission (and the South Carolina Human Affairs Commission contemporaneously), she received her right to sue letter, and timely files this complaint within 90 days of her receiving that letter.

5. Some events giving rise to this occurred in Richland County, South Carolina, the Defendant transacts business in Richland County, South Carolina, and this Court may exercise jurisdiction over these claims.

### FACTUAL ALLEGATIONS

6. Plaintiff was by Defendant on March 28, 2011 as a Sales Associate.

1

7. Plaintiff was promoted four months into her tenure to the position of Territory Manager.

8. Plaintiff was hired with over one decade of prior relevant experience.

9. Plaintiff receives regular performance evaluations, and the majority of those evaluations reflect that she consistently meets the legitimate expectations of the Defendant.

10. Plaintiff's performance metrics consistently reflect the she meets the legitimate expectations of Defendant.

11. Plaintiff has not received any discipline during her tenure.

12. Plaintiff has been honored and commended at various times for meeting and exceeding sales goals of the Defendant.

13. Plaintiff has been subjected to disparate conditions of employment compared to similarly situated male coworkers.

14. Plaintiff learned in 2016 that since approximately 2014, upper level male management employees had been engaging in banter and spreading rumors that she was sleeping with physicians (her clients) to consistently met her sales goals.

15. Plaintiff is also aware of systematic sexual discrimination by Defendant against female employees in other regions.

16. Plaintiff was ordered, on March 30, 2017, by her Area Director John Brunetti to move from her home in Columbia, South Carolina to, what he described as the "base of her business," Augusta, Georgia, by May 5, 2017 or be terminated.

17. Plaintiff was not given a sales, performance, or other reason for the directive; but rather, she was told that the location of her residence violated policy.

18. Plaintiff, following directive, verified with human resources that her residence did not violate any policy of the Defendant.

19. Plaintiff had appropriately advised her then Regional Manager, Sally Walpole, about moving to Columbia, South Carolina when she moved in 2016 and Ms. Walpole permitted her to move.

20. Plaintiff, at all times, had performed her job well living in Columbia, South Carolina even though the geographic center of her business territory was arguably in Augusta, Georgia.

21. Plaintiff as a territory manager is subject to the same rules, policies, corporate human resources officials, and ultimate supervisors as other male territory managers.

22. Plaintiff is aware of similarly situated male territory managers who live considerably far outside of their "base of business," but who were not directed to move.

23. A similarly situated male employee was also promoted to Interim Regional Manager on March 30, 2017 over Plaintiff.

24. Plaintiff had more seniority than the promoted employee, had already performed the promoted employee's interim manager duties, and was otherwise more qualified for the position but did not receive fair consideration for the promotion because of her sex.

25. The initial decision maker with respect to both the promotion and directive to move was Jon Brunetti a male employee of the Defendant.

26. Plaintiff complained to human resources about the directive to move, and human resources (although they confirmed the nonexistence of an applicable policy) ultimately required Plaintiff to either move, be terminated, or reapply and be hired for lesser paid position in South Carolina.

27. Plaintiff, having no reasonable alternative, ultimately applied for and was hired to the lesser paid position which constituted a constructive demotion to Territory Manager in a lower "market development" territory.

28. Plaintiff's base pay was dropped by $5,000.00 because of this constructive demotion contravening policy of the Defendant.

29. Plaintiff's commissions have decreased dramatically as well because of this constructive demotion.

30. Plaintiff as a result of her constructive demotion is now directly supervised by an employee that attempted to bring about the directive that she be made to move in the first place.

3

31. Plaintiff is aware that a high-level director made at least one non-privileged defamatory comment about her that she was sleeping with several of her clients (including one of her South Carolina clients) thus impugning both her professionalism and her chastity; thus, constituting per se defamation in South Carolina.

## FOR A FIRST CAUSE OF ACTION
(Sex Discrimination)

32. Where not inconsistent herewith, Plaintiff realleges the foregoing.

33. Plaintiff is a member of a protected class based on her sex.

34. Plaintiff consistently meets the legitimate expectations of the Defendant.

35. Plaintiff has endured disparate terms and conditions of employment based on her sex.

36. Plaintiff has suffered adverse employment actions as a result of the sex discrimination described in this complaint including her forced demotion, pay cut, invalid directives, being subjected to an objectively hostile work environment, and a denied reassignment or promotion for which she was qualified.

37. Defendant's behavior described in this Complaint has been willful and wanton and the Plaintiff is entitled to punitive damages for the same.

38. Plaintiff is further entitled to recover other damages from Defendant which include: diminished earning capacity, lost wages, front pay, diminished retirement and other benefits, pain and suffering, emotional distress, stress and anxiety, sleeplessness, and reputational losses.

39. Plaintiff requests pre-judgment interest on the above damages, an award of attorney fees and costs, reinstatement to a position commensurate with her former territory or front pay if not feasible, and any other equitable relief deemed just and proper.

## FOR A SECOND CAUSE OF ACTION
(Defamation)

40. Where not inconsistent herewith, Plaintiff realleges the foregoing.

4

41. Plaintiff was defamed by the Defendant through one of its high-ranking directors who made unprivileged remarks to at least one fellow employee of the Defendant that Plaintiff was sleeping with her clients.

42. Such remarks were false, malicious, and have caused Plaintiff special harm including lowering her esteem in her chosen profession.

43. Defendant ratified this conduct based on the authority it has imparted into the subject director, his position, his apparent authority, and its behavior in publically discriminating against Plaintiff following such remarks.

44. The defamation alleged her is *per se* in that it implies Plaintiff his both unfit in her profession and unchaste.

45. The defamation alleged her was willful and wanton and Plaintiff is entitled to recover punitive damages for the same.

46. Plaintiff is entitled to recover other damages from the Defendant to include damages for: lost earning capacity, reputational losses, lost goodwill, pain and suffering, humiliation, shock, embarrassment, sleeplessness, stress and anxiety and other emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff requests and is entitled to all actual, special, consequential and other damages sought above from the Defendants where pled or recoverable to be assessed by a jury of her peers. Including punitive damages, pre-judgment interest, equitable relief, and attorney fees and costs where appropriate.

(*signature page to follow*)

5

**CROMER BABB PORTER & HICKS, LLC**

BY: _____
      J. Paul Porter (# 100723)
      1418 Laurel Street, Ste. A
      Post Office Box 11675
      Columbia, South Carolina 29211
      Phone  803-799-9530
      Fax     803-799-9533

February 23, 2018
Columbia, South Carolina

6

ELECTRONICALLY FILED - 2018 Mar 12 9:27 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4001092

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FOR THE FIFTH JUDICIAL CIRCUIT |
| | CASE NO. 2018-CP-40-01092 |

Nickol Conklin,

        Plaintiff,

**CERTIFICATE OF SERVICE**

v.

Zoll Medical Corporation,

        Defendant.

This is to certify that the undersigned employee of Cromer Babb Porter & Hicks, LLC, did cause to have served on March 7, 2018, a filed copy of the Civil Action Coversheet, Summons, and Complaint, by First Class Mail, certified mail, return receipt requested, postage prepaid, to the following Registered Agent at the below indicated address:

*Certified Mail/Return Receipt Requested*      *Receipt # 91 7199 9991 7037 2949 5255*
Corporation Service Company
Registered Agent for
Zoll Medical Corporation
1703 Laurel Street
Columbia, SC 29201

                                                    _____
                                                    Kate M. Ray, Litigation Paralegal

Conklin v. Zoll Medical Group
2018-CP-40-01092
Certificate of Service

ELECTRONICALLY FILED - 2018 Mar 12 9:27 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4001092

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>L D. Hm   3/7/18 |
| 1. Article Addressed to:<br>Corporation Service Company<br>Registered Agent for:<br>Zoll Medical Corporation<br>1703 Laurel Street<br>Columbia, SC 29201 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 9590 9402 3664 7335 3395 23 | 3. Service Type<br>☒ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>91 7199 9991 7037 2949 5255 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |