IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nickol Conklin, Plaintiff, vs. ZOLL Medical Corporation, Defendants. | Civil Action No. 3:18-cv-00918-JMC-SVH **ANSWER** |

Defendant ZOLL Medical Corporation ("Defendant" or "ZOLL"), by and through undersigned counsel, hereby answers the claims of Plaintiff Nickol Conklin ("Plaintiff") as follows:

**FOR A FIRST DEFENSE**

Unless otherwise specifically admitted herein, Defendant generally denies all of Plaintiff's allegations contained in her Complaint. Each numbered paragraph below corresponds to the same numbered paragraph of the Complaint.

1. Answering the allegations of Paragraph 1, Defendant admits only that Plaintiff is a citizen and resident of Richland County, South Carolina, and is employed by ZOLL in a sales capacity. Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

3. Answering the allegations of Paragraph 3, Defendant admits only that Plaintiff has initiated this action alleging the claims referenced in Paragraph 3. Defendant denies any

wrongdoing or liability to Plaintiff in this matter, and denies any remaining allegations of Paragraph 3 inconsistent with the foregoing.

4. Answering the allegations of Paragraph 4, Defendant admits only that Plaintiff filed a Charge of Discrimination as alleged, the terms of which document speak for themselves. Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 4, and therefore leaves the Plaintiff to her proof. To the extent a response is deemed required, Defendant denies the remaining allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant admits the allegations of Paragraph 7, but states that Plaintiff was promoted to Territory Manager approximately five months into her tenure with ZOLL.

8. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 8, and therefore leaves the Plaintiff to her proof. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 8.

9. Answering the allegations of 9, Defendant admits only that Plaintiff received regular evaluations of her performance in terms of expected productivity, the terms of which documents speak for themselves. Defendant denies any remaining allegations of Paragraph 9 inconsistent with the foregoing.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant admits the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 14, and therefore leaves the Plaintiff to her proof. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Answering the allegations of Paragraph 16, Defendant admits only that Mr. Brunetti, on several occasions, informed Plaintiff of her employer's policy and corresponding legitimate expectation that Territory Managers reside in their territories, and that her compliance with same was required as a condition of continued employment. Defendant further admits that Mr. Brunetti gave Plaintiff a deadline of on or about May 5, 2017, to comply. Defendant denies any remaining allegations of Paragraph 16 inconsistent with the foregoing.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant admits the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Answering the allegations of Paragraph 25, Defendant admits only that Mr. Brunetti was Plaintiff's supervisor during the time period in question and that he communicated to Plaintiff her employer's policy and corresponding legitimate expectation that Territory Managers reside in their territories. Mr. Brunetti also made the decision to ask a male Territory Manager to briefly assume some of the duties of a Regional Manager who had, at the time,

recently departed from the company. Defendant denies any remaining allegations of Paragraph 25 inconsistent with the foregoing.

26. Answering the allegations of Paragraph 26, Defendant admits only that Plaintiff contacted a Human Resources Manager in April 2017 and asked if ZOLL had a policy requiring Territory Managers to live within their territories. Defendant denies the remaining allegations of Paragraph 26.

27. Answering the allegations of Paragraph 27, Defendant admits only that Plaintiff requested to be reassigned to a new Market Development Territory in September 2017, and that ZOLL granted Plaintiff's request. Defendant also admits that, given the nature of the territory, the base compensation and commission potential in this new position are slightly lower than in Plaintiff's former territory. Defendant denies any remaining allegations of Paragraph 27 inconsistent with the foregoing.

28. Answering the allegations of Paragraph 28, Defendant admits only that the base salary for the new position selected by Plaintiff is $5,000 less than the base salary for her former position. Defendant denies the remaining allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 31, and therefore leaves the Plaintiff to her proof. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 31.

32. Responding to the allegations of Paragraph 32, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

33. The allegations of Paragraph 33 constitute legal conclusions for which no response is required.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Responding to the allegations of Paragraph 40, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies Plaintiff is entitled to the relief requested in her unnumbered prayer for relief.

**FOR A SECOND DEFENSE**

48. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

49. Plaintiff's Complaint fails to state any claim upon which relief may be granted against Defendant, and must therefore be dismissed in its entirety.

**FOR A THIRD DEFENSE**

50. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

51. Plaintiff has failed to reasonably mitigate her claimed damages, her entitlement to which is expressly denied.

**FOR A FOURTH DEFENSE**

52. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

53. Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiff is improper, barred in whole or in part by the doctrine of after-acquired evidence, inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which her claims rest.

**FOR A FIFTH DEFENSE**

54. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

55. Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, release, accord, and satisfaction.

**FOR A SIXTH DEFENSE**

56. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

57. Plaintiff's clams may be barred in whole or in part by the doctrine of estoppel by reason of her conduct and actions, including acts of commission and omission.

## FOR A SEVENTH DEFENSE

58. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

59. Any award of damages to Plaintiff must be offset by sums received by Plaintiff from Defendant, by amounts Plaintiff may receive from third parties or amounts owed by Plaintiff to Defendant.

## FOR AN EIGHTH DEFENSE

60. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

61. Plaintiff's claims lack merit because any employment actions allegedly taken by Defendant with respect to Plaintiff were made in good faith and based upon legitimate, nondiscriminatory business reasons completely unrelated to any impermissible factor, and were taken in good faith, without malice and not in violation of any statute.

## FOR A NINTH DEFENSE

62. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

63. Plaintiff's claims lack merit because any employment actions allegedly taken with respect to Plaintiff were taken consistent with business necessity.

## FOR A TENTH DEFENSE

64. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

65. To the extent Defendant is found to have violated any statute as alleged, the fact of which is expressly denied, Plaintiff is not entitled to recover liquidated damages, punitive

damages or attorneys' fees because Defendant did not commit any alleged willful, oppressive, fraudulent or malicious acts, or act with reckless indifference to Plaintiff's rights.

**FOR AN ELEVENTH DEFENSE**

66. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

67. Plaintiff has failed to specifically plead her entitlement to exemplary, liquidated or punitive damages in the Complaint, and thus, should be barred from seeking punitive damages in this case. Defendant would further show there is no basis to support an award of such damages in this case. Accordingly, Plaintiff's prayer for exemplary, liquidated and punitive damages should be stricken.

**FOR A TWELFTH DEFENSE**

68. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

69. Notwithstanding Defendant's general denials and previous affirmative defenses herein, and without admitting Plaintiff's averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant affirmatively states that the same employment action would have been taken in the absence of such impermissible motivating factor.

**FOR A THIRTEENTH DEFENSE**

70. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

71. To the extent Plaintiff alleges acts of discrimination by Defendant occurring more than 300 days prior to the date Plaintiff filed her Charge with the EEOC, such claims are barred and this Court lacks jurisdiction over such claims.

**FOR A FOURTEENTH DEFENSE**

72. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

73. To the extent Plaintiff seeks relief for employment decisions or actions which were not made the subject of a timely Charge of Discrimination filed with the EEOC, or to the extent she has otherwise failed to exhaust her administrative remedies or to timely file this action as required by law or any statute of limitation or repose, such claims are barred.

**FOR A FIFTEENTH DEFENSE**

74. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

75. Some or all of Plaintiff's claims may be barred by her breaches of the duty of loyalty or fiduciary duty and by the doctrine of unclean hands.

**FOR A SIXTEENTH DEFENSE**

76. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

77. Plaintiff failed or was unable to meet established employer work standards, and as such, Plaintiff's Complaint must be dismissed.

**FOR A SEVENTEENTH DEFENSE**

78. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

79. Defendant is entitled to a credit and/or set-off for any compensation paid to Plaintiff to which she was not otherwise entitled.

**FOR AN EIGHTEENTH DEFENSE**

80. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

81. To the extent certain supervisors, managers, employees and/or agents of Defendant may have engaged in inappropriate conduct or unlawful action, the fact of which is expressly denied, such conduct is outside the course and scope of their employment, authority and/or agency, was in direct contravention of Defendant's policies, and occurred without Defendant's consent or ratification. Accordingly, Defendant cannot be vicariously liable for such actions or conduct.

**FOR A NINETEENTH DEFENSE**

82. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

83. Defendant pleads the defenses of truth, self-publication and privilege, both qualified and absolute, as complete defenses to Plaintiff's defamation claim.

**FOR A TWENTIETH DEFENSE**

84. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

85. Defendant states that Plaintiff has failed to name an indispensable party, ZOLL Services, LLC, Plaintiff's actual employer.

**FOR A TWENTY-FIRST DEFENSE**

86. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

87. Defendant has not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Defendant intends to act expediently to inform itself as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby give notice of their intent to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

**TWENTY-SECOND DEFENSE**

88. Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

89. To the extent Defendant discovers any additional facts which would have warranted any adverse action against Plaintiff, Plaintiff's claims and/or recovery may be barred in whole or in part because of after-acquired evidence of wrongful conduct.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, that Defendant be awarded costs and attorneys' fees incurred in defending this action, and for such other and further relief as the Court may deem just and proper.

***[SIGNATURE BLOCK ON FOLLOWING PAGE]***

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: /s/ William H. Foster
William H. Foster
Federal Bar No. 6221
E-Mail: BFoster@littler.com
220 N. Main Street, Suite 500
Greenville, South Carolina 29601
Telephone: 864.775.3191

*Attorneys for Defendant ZOLL Medical Corporation*

Greenville, South Carolina
May 9, 2018